# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN LAWRENCE TODD, JR., also known as Stephen Lee Blanks, | Case No. 16-CV-2741 (JNE/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| NILDA ACEVEDO and RAYMOND PETER, | |
| Defendants. | |

Plaintiff Stephen Lawrence Todd, Jr. applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. Because Todd is a prisoner, his IFP application is subject to 28 U.S.C. § 1915(b), which requires that the prisoner-litigant seeking IFP status pay an initial partial filing fee, calculated based on the average monthly deposits to and monthly balance of the prisoner's trust account over the previous six months. Todd did not include the necessary financial information to calculate his initial partial filing fee, and so this Court ordered Todd to submit the required financial information within 20 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 3 (citing Fed. R. Civ. P. 41(b)).

Shortly thereafter, Todd inquired with the Court whether there were "other ways or options to continue the proceedings" other than payment of this initial partial filing fee. *See* ECF No. 4 at 1. This Court responded to Todd's letter by explaining that, as a prisoner, he would be required to pay the entire statutory filing fee for this action, and that this obligation was unavoidable if he chose to proceed. *See* ECF No. 5. This Court also explained that he would be

excused from making an *initial* partial filing fee if he had no assets and no means to pay such a fee. *Id*. Without financial information from Todd's prison trust account, this Court had no basis to conclude that he lacks the assets or means to pay an initial partial filing fee.[1] Todd has since informed the Court that he "wish[es] to proceed with this civil action in court and later pay the partial filing fee." ECF No. 6 at 1. 28 U.S.C. § 1915(b), however, forbids Todd's proposal absent evidence that Todd lacks the assets or means to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Todd has not supplied this evidence.

On August 24, 2016, this Court ordered Todd to submit the needed financial information from his prison trust account within 20 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* ECF No. 3. That deadline has passed. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

In the alternative, this Court recommends dismissal of this action for lack of subject-matter jurisdiction. Although Rule 8(a)(1) requires that a claimant include "a short and plain statement of the grounds for the court's jurisdiction," Todd has not alleged a basis for the Court's jurisdiction over this matter. The complaint asserts that his claim is brought pursuant to 42 U.S.C. § 1983 (thus implicitly invoking this Court's jurisdiction over federal questions, *see* 28 U.S.C. § 1331), but there is no indication from the complaint that either defendant is a state actor. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("Only state actors

---

[1] Indeed, the basis for this lawsuit — Todd alleges that he recently made two deposits totaling $1,100.00 for housing after his release from incarceration that were, in essence, stolen from him — strongly suggests that Todd *does* have the assets and means to pay an initial partial filing fee.

can be held liable under Section 1983." (quotation omitted)).  No other federal cause of action besides § 1983 is apparent from the face of the complaint, and so § 1331 does not provide a basis for federal jurisdiction.

Todd's claim — he alleges that the defendants have absconded with deposits made towards housing after his release from prison — most naturally sounds in state law causes of action, such as conversion.  But Todd does not adequately alleges that the parties are of diverse citizenship, and thus he may not invoke 28 U.S.C. § 1332 as a basis for the Court's jurisdiction, either.  Further, § 1332(a) requires that "the matter in controversy exceed[] the sum or value of $75,000," while less than $20,000 is at issue in this lawsuit, *see* Compl. at 5 [ECF No. 1]. Obviously, then, § 1332 does not provide a basis for jurisdiction, either.

Whether dismissed for failure to prosecute or for lack of subject-matter jurisdiction, this action should be dismissed without prejudice.  Todd remains responsible for the $350.00 filing fee, which must be paid in installments over time.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of Todd shall forward payments from his prison trust account to the Clerk of Court each time the amount in the account exceeds $10.00 until the filing fee is paid.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.     This action be DISMISSED WITHOUT PREJUDICE for failure to prosecute or, in the alternative, for lack of subject-matter jurisdiction.

2.     The application to proceed *in forma pauperis* of Plaintiff Stephen Lawrence Todd, Jr. [ECF No. 2] be DENIED AS MOOT.

3.      The agency having custody of Todd be ordered, in accordance with 28 U.S.C.

§ 1915(b), to forward payments from Todd's prison trust account to the Clerk of

Court each time the amount in the account exceeds $10.00 until the filing fee is

paid.

Dated:  October 13, 2016                                *s/Steven E Rau*
                                                        Steven E. Rau
                                                        U.S. Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**   This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.