UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN LAWRENCE TODD, JR., *also
known as* Stephen Lee Blanks,

      Plaintiff,

v.   Case No. 16-CV-2741 (JNE/SER)
**ORDER**

NILDA ACEVEDO and RAYMOND PETER,

      Defendants.

This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Steven E. Rau, United States Magistrate Judge, on October 13, 2016. (Docket No. 7.) Plaintiff Stephen Lawrence Todd, Jr. objected to the R&R. (Dkt. No. 8.) The Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Based on that review, the Court overrules Todd's objection and accepts the recommended disposition insofar as it recommends dismissal for lack of subject-matter jurisdiction, denial of Todd's application to proceed in forma pauperis ("IFP application"), and collection of the district court filing fee from Todd's prison trust account. The Court also modifies the recommended disposition for the reasons that follow.

### I.   DISMISSAL OF THE ACTION

The R&R recommended dismissal of this action for failure to prosecute or, in the alternative, for lack of subject-matter jurisdiction. (Dkt. No. 7.) Jurisdiction is a threshold requirement that takes precedence over other considerations. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (acknowledging the near "absolute purity" of the "jurisdiction-first rule," which bends only in extraordinary cases). If a court lacks subject-matter jurisdiction

1

on the face of the complaint, the action must be dismissed in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); Fed. R. Civ. P. 12(h)(3).

After reviewing Todd's Complaint, the Court agrees that the Court lacks subject-matter jurisdiction; on its face, the Complaint does not assert a federal question, nor does there appear to be diversity jurisdiction. Accordingly, the Court dismisses the action for this reason. Because the Court is required to dismiss on this ground, the Court need not decide whether the "drastic and extremely harsh sanction" of dismissal for failure to prosecute is appropriate in this case. *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999)).

## II. DENIAL OF THE IFP APPLICATION

The R&R recommends denial of Todd's IFP application, in connection with dismissal, because Todd failed to submit a complete certified prison trust fund account statement. (*See* Dkt. No. 7.) Todd claims in his objection that he submitted the required financial documentation. (*See* Dkt. No. 8.) However, the Court agrees that Todd has not provided a complete certified prison trust account statement.

Courts may deny IFP applications for failure to provide a complete certified prison trust fund account statement. *See Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011). However, because the Court is dismissing the action for lack of subject-matter jurisdiction, Todd's IFP application is denied as moot on this ground. *See Grover-Tsimi v. Am. Laser Ctrs., LLC*, No. 09-2729, 2010 WL 550973, at *1 (D. Minn. Feb. 9, 2010); *Peroceski v. Bryant-Wolf*, No. 07-3930, 2008 WL 880004, at *2 (D. Minn. Mar. 28, 2008).

Even though the action is dismissed, and Todd's IFP application is denied, Todd must still pay the $350 district court filing fee. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Peroceski*, 2008 WL 880004, at *2 (requiring payment of the unpaid balance of the $350 filing fee when denying an IFP application). Courts may collect this fee by ordering partial payments from a prisoner's trust account. *See* 28 U.S.C. § 1915(b)(2). The R&R recommended that the Court order the agency having custody of Todd to forward such payments to the Clerk of Court. (*See* Dkt. No. 7.)

As Todd indicated in a page attached to the Complaint, however, his release date from prison was October 28, 2016—fifteen days after the R&R was issued. (*See* Dkt. No. 1.) A search on the Minnesota Department of Corrections website confirms he was released on this date and is currently on supervised release.[1] Despite Todd's release from prison, he still remains liable for the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he PLRA makes prisoners responsible for their filing fees *the moment the prisoner brings a civil action . . . .*" (emphasis added)). Todd's release may make it impossible to collect partial payments from his prison trust account. Therefore, the Court orders that Todd is assessed the full amount of the $350 filing fee, payable immediately. In the event Todd's prison trust account continues to be maintained or he returns to prison, the Court also orders the agency having custody of Todd to forward payments in accordance with 28 U.S.C. § 1915(b)(2).

Finally, the R&R did not determine whether dismissal of this action counts as a strike against Todd for the purposes of 28 U.S.C. § 1915(g). This section provides that a prisoner may

---

[1] *Offender Information*, Minn. Dep't of Corrections, https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/217907/Search (last visited Nov. 18, 2016).

not bring a civil action or appeal in forma pauperis if the prisoner brought a civil action or appeal on three or more prior occasions "that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." Dismissal of a civil action for lack of subject-matter jurisdiction does not fall within these grounds. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *Iverson v. Dep't of Corr.*, No. 07-4710, 2008 WL 205281, at *1, 6 (D. Minn. Jan. 24, 2008). Therefore, dismissal of this action will not count as a strike against Todd under § 1915(g).

Therefore, IT IS ORDERED THAT:

1. Plaintiff's objection to the Report and Recommendation [Dkt. No. 8] is OVERRULED.

2. The action is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's application to proceed in forma pauperis [Dkt. No. 2] is DENIED AS MOOT.

4. Plaintiff is assessed the $350 district court filing fee, payable immediately.

5. The agency having custody of Plaintiff is ordered, in accordance with 28 U.S.C. § 1915(b)(2), to forward payments from Todd's prison trust account to the Clerk of Court each time the amount in the account exceeds $10.00, until the unpaid balance of the $350 filing fee is fully paid.

6. Dismissal of Plaintiff's action is not counted as a strike for the purposes of 28 U.S.C. § 1915(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 18, 2016

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge